IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-11114
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-54-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Christopher Williams was convicted of possessing, on March 5, 2007, more than five grams of crack cocaine, in violation of 21 U.S.C. § 844; possessing, on March 27, 2007, with the intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841; possessing a firearm in connection with the drug-trafficking offense on March 27, 2007, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to a total of 465 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. He now appeals the conviction for simple possession on March 5, 2007, arguing that the district court erred in denying his motion to suppress the fruits of the warrantless search of his vehicle on that date because the officer lacked probable cause for the initial stop.

"The standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003) (internal quotation marks and citation omitted). "Questions of law are reviewed de novo, as are the district court's ultimate conclusions of Fourth Amendment reasonableness." United States v. Vasquez, 298 F.3d 354, 356 (5th Cir. 2002) (citations omitted).

The Fourth Amendment permits police officers to "stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot." Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). A decision to stop an automobile is reasonable when the officer has probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810 (1996). However, the legal justification for the stop must be objectively grounded. United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999). If the supposed traffic violation that formed the basis for a stop was in fact not a violation of state law, there is no objective basis for probable cause justifying the stop. United States v. Miller, 146 F.3d 274, 279 (5th Cir. 1998).

Williams contends that there was no objective basis for probable cause justifying the stop in his case because there was no traffic violation under TEX. TRANSP. CODE § 502.409 (Vernon 2006). He urges that the statute does not criminalize obstructed plates per se but requires some affirmative action on the part of the driver of a vehicle, i.e. the knowing attachment or display of a covering that obscures the numbers on a license plate. Williams reasons that, because there was no evidence that he created or was even aware of the

obstruction on his sister's car, there was no traffic violation, and the stop of his vehicle was unwarranted.

The district court did not err in determining that Officer Alaniz had probable cause for the traffic stop in this case because Williams violated § 502.409 by driving a vehicle displaying a covering (a broken piece of trunk trim) that obstructed the license plate numbers, despite the absence of any evidence that Williams personally attached the obstruction. The plain language of the statute shows that a violation occurs if the offender either "attaches to or displays on a motor vehicle" the license plate obstruction, listing the verbs "attach" and "display" in the alternative. The Oxford English Dictionary defines the verb "display" as "[t]o open up or expose to view, exhibit to the eyes, show." Oxford English Dictionary (2nd Ed. 1989). Thus, no evidence of the driver's intentional act, beyond driving a car with a displayed obstruction to the license plate, is required. See United States v. Contreras-Trevino, 448 F.3d 821, 822-23 (5th Cir. 2006) (finding a violation of §502.409 despite the fact that the plastic license plate frame which caused the obstruction had been attached by the car dealer, not the driver of the vehicle). Because it is undisputed that the hanging trunk trim obscured the license plate on the car Williams was driving, Officer Alaniz's initial stop of the vehicle was validated by probable cause to suspect that Williams had committed a traffic violation under § 502.409. See Whren, 517 U.S. at 810; Miller, 146 F.3d at 279. Accordingly, the district court did not err in denying the motion to suppress.

AFFIRMED.